# EXHIBIT A

CSC

null / ALL
**Transmittal Number: 34562819**
**Date Processed: 07/20/2026**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | Arlette Willis<br>Sonja Jackson<br>Walter Gil |

| | |
|---|---|
| **Entity:** | UPS Supply Chain Solutions, Inc.<br>Entity ID Number 2552555 |
| **Entity Served:** | UPS Supply Chain Solutions, Inc. |
| **Title of Action:** | Raymond Deluis vs. UPS Supply Chain Solutions, Inc. |
| **Matter Name/ID:** | Raymond Deluis vs. UPS Supply Chain Solutions, Inc. (19604451) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 26STCV22122 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/17/2026 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Benowitz Law Corporation<br>747-233-1600/Louis@BenowitzLaw.com |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by Superior Court of California, County of Los Angeles 7/14/2026 5:51 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Zadorian, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
UPS SUPPLY CHAIN SOLUTIONS, INC., a Delaware corporation; UPS CARTAGE SERVICES, INC., a Georgia corporation; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RAYMOND DELUIS, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court
Stanley Mosk Courthouse, 111 N. Hill St. Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
26STCV22122

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Louis Benowitz, Benowitz Law Corporation, 8605 Santa Monica Boulevard, PMB 79183 West Hollywood, CA, 90069, (818) 839-9610

DATE: *(Fecha)* 07/14/2026 Clerk, by *(Secretario)* A. Zadorian, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* UPS SUPPLY CHAIN SOLUTIONS, INC., a Delaware Corporation

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [X] by personal delivery on *(date):*

Louis Benowitz (SBN 262300)
Louis@BenowitzLaw.com
Genna Walsh (SBN 367909)
Genna@benowitzlaw.com
BENOWITZ LAW CORPORATION
8605 Santa Monica Boulevard, PMB 79183
West Hollywood, California 90069
Telephone: (747) 233-1600

Attorneys for Plaintiff
RAYMOND DELUIS

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/14/2026 5:51 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Zadorian, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

RAYMOND DELUIS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

UPS SUPPLY CHAIN SOLUTIONS, INC., a Delaware corporation; UPS CARTAGE SERVICES, INC., a Georgia corporation; and DOES 1-50, inclusive,

Defendants.

Case No. 26STCV22122

**CLASS ACTION COMPLAINT FOR:**

(1) Unfair Competition [Bus. & Prof. Code § 17200 et seq.];
(2) Non-Provision of Meal and Rest Periods [Lab. Code § 226.7];
(3) Unpaid Minimum & Overtime Wages [Lab. Code § 1194];
(4) Failure to Indemnify [Lab. Code § 2802];
(5) Wage Statement Penalties [Lab. Code § 226]; and
(6) Waiting Time Penalties [Lab. Code § 203].

**JURY TRIAL DEMANDED**

Plaintiff Raymond Deluis ("Deluis" or "Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. This is a class action against Defendants UPS Supply Chain Solutions, Inc., UPS Cartage Services, Inc., and Does 1-50, inclusive (collectively, "UPS" or "Defendants") for restitution of unpaid wages and related remedies on behalf of hourly, non-exempt employees of Defendants in California. As set forth herein, Defendants failed to pay Plaintiff and Class Members for all time worked, failed to provide them with timely, duty-free meal and rest periods or to pay premium wages when those periods were not provided, instructed and pressured employees to record time entries that did not reflect the missed, late, or short meal periods they actually experienced, failed to keep accurate records of meal period start and stop times, and failed to indemnify them for necessary business expenses. This conduct violates numerous applicable provisions of the Labor Code, and Industrial Welfare Commission Order 9-2001 (the "Wage Order"), and entitles Plaintiff and Class Members to injunctive and restitutionary relief under Business and Professions Code § 17200 et seq. As a result, Defendants are liable to Plaintiff and similarly situated employees for earned and unpaid minimum, overtime, and premium wages, unreimbursed expenses, statutory penalties, and other related remedies.

## JURISDICTION AND VENUE

2. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

3. This Court has subject matter jurisdiction to hear this case in that the amount in controversy in this case, exclusive of costs and attorneys' fees, exceeds $35,000.

4. Venue is proper in Los Angeles County under Code of Civil Procedure §§ 395(a) and 395.5 because the events giving rise to liability in this action arose in Los Angeles County in that at least some of the transactions that are the subject matter of this Complaint occurred therein and/or because each defendant either is found, maintains offices, transacts business, and/or has an agent therein.

## THE PARTIES

5. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

6. Plaintiff Raymond Deluis ("Deluis") is an individual who, at relevant times, has been employed by Defendants in the City of Inglewood, County of Los Angeles, California on an hourly, non-exempt basis, including as an Analyst Freight Forwarding Operator, during the period from approximately March 2007 to the present. Through on or about September 14, 2025, Defendants paid Deluis wages at an hourly rate of approximately $32.00 per hour; thereafter, Defendants purported to lay Deluis off and then rehired him in a different, lower-paying position at the reduced rate of approximately $21.00 per hour. At all relevant times, he has been an "employee" as that term is used in the applicable provisions of the Labor Code and the Wage Order.

7. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the Defendants has been a "person" within the meaning of Labor Code § 18.

8. Defendant UPS Supply Chain Solutions, Inc. ("UPS Supply Chain") is a Delaware corporation registered to do business in, and doing business in, the State of California, including at the facility located at 3600 W. Century Boulevard, Inglewood, California 90303. Defendant UPS Supply Chain meets the definition of Plaintiff's "employer" under all applicable statutes.

9. Defendant UPS Cartage Services, Inc. ("UPS Cartage") is a Georgia corporation registered to do business in, and doing business in, the State of California, including at the facility located at 3600 W. Century Boulevard, Inglewood, California 90303. Plaintiff is informed and believes and thereon alleges that, during portions of the applicable limitations period, Defendant UPS Cartage has been identified as Plaintiff's employer on his wage statements. Defendant UPS Cartage meets the definition of Plaintiff's "employer" under all applicable statutes.

10. Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants UPS Supply Chain Solutions, Inc. and UPS Cartage Services, Inc. have been alter egos, joint employers, integrated enterprises, single employers, and/or agents of one another with respect to the employment of Plaintiff and the Plaintiff Class, such that each is jointly and severally liable for the Labor Code and Wage Order violations alleged herein. Among other things, Plaintiff is informed

and believes that the two entities share common ownership and control as part of the integrated United Parcel Service enterprise, operate from the same Inglewood facility, employed Plaintiff during overlapping or successive periods, and jointly determined the wage, hour, timekeeping, meal- and rest-period, and expense-reimbursement policies and practices challenged in this Complaint.

11. Plaintiff is informed and believes and thereon alleges that each of Defendants has been his "employer" and/or "joint employer" who has violated the Labor Code within the meaning of all pertinent statutory and regulatory provisions, or is otherwise a person who is liable for Labor Code violations as a result of having caused such violations, and is thus liable under either the underlying Labor Code provisions or by virtue of Labor Code § 558.1.

12. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1–50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.

13. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained.

14. Plaintiff is informed and believes and thereon alleges that each of the Defendants has acted in all respects pertinent to this action as the agent or employee of the other Defendants, carried out a joint scheme, business plan, or policy in all respects hereto, and therefore the acts of each of the Defendants are legally attributable to the other Defendants.

15. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, except as otherwise indicated, each of the Defendants has been the agent, employee and/or servant, master or employer of the remaining Defendants, and in doing the things hereinafter alleged, has acted within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

16. Plaintiff is informed and believes and thereon alleges that, at all relevant times, and except as otherwise indicated, each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or

under the direction and control of each of the other Defendants, and that said acts and failures to act have been within the course and scope of said agency, employment, and/or direction and control.

17. Plaintiff is informed and believes and thereon alleges that, at all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of policies and practices that violate the Unfair Competition Law and provisions of the Labor Code and the Wage Order.

## CLASS ACTION ALLEGATIONS

18. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

19. Plaintiff brings this action on behalf of himself and the following class and subclasses pursuant to Code of Civil Procedure § 382:

**Plaintiff Class:** All persons employed by Defendants in the State of California in hourly or otherwise non-exempt positions during the period beginning four years before the filing of this action and ending on the date when final judgment is entered.

**Former Employee Subclass:** All Plaintiff Class members who voluntarily or involuntarily separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Penalties Subclass:** All Plaintiff Class members who have been employed by Defendants during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

20. **Numerosity:** Class members are so numerous that the individual joinder of each class member is impractical. While Plaintiff does not currently know the exact number of class members, he is informed and believes and thereon alleges that the actual number exceeds the minimum number required for numerosity purposes under Code of Civil Procedure § 382.

21. **Predominant Common Questions:** Common questions of law and fact exist as to all class members and predominate over any questions that only affect individual class members. These questions include, but are not limited to:

(a) Whether Defendants have a policy or practice of failing to schedule and structure work, and to staff their facilities, in a manner that consistently allows Plaintiff Class members to take timely, duty-free meal and rest breaks, including by requiring them to remain on duty to coordinate and supervise drivers, monitor phones and email, and cover for absent supervisors during those breaks;

(b) Whether Defendants have a policy or practice of adjusting time records to reflect timely meal periods for Plaintiff Class members when they did not record such meal periods themselves;

(c) Whether Defendants failed to pay Plaintiff Class members for all time worked as a result of adding meal periods not recorded to their time records or otherwise permitting them to clock out for a meal period but continue working for the time they are clocked out;

(d) Whether Defendants failed to provide Plaintiff Class members with reasonable opportunities to take timely and duty-free breaks;

(e) Whether Defendants instructed or encouraged Plaintiff Class members to record timely meal periods without regard to whether they were actually able to take timely meal periods;

(f) Whether Defendants failed to correctly calculate regular rates of pay for Plaintiff Class members by not including all applicable remuneration in its calculation formulas?

(g) Whether Defendants have failed to indemnify Plaintiff Class members for necessary business expenditures, including personal-vehicle mileage, tools, supplies, materials, and/or use of a personal cellular telephone, incurred in direct consequence of the discharge of their duties?

(h) Whether Defendants are liable to Former Employee Subclass members for waiting time penalties under Labor Code § 203?

(i) Whether Defendants are liable to Penalties Subclass members for statutory penalties under Labor Code § 226(e)?

22. **Typicality:** Plaintiff's claims are typical of class members' claims in that Defendants have policies and practices that violate the Labor Code, Wage Order, and Business and Professions Code as alleged herein that enable him to seek the same relief as they could seek under the same theories of recovery and to which Defendants may attempt to assert the same affirmative defenses.

23. **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of class members in that he has no interests that are adverse to theirs and is represented by counsel experienced in wage and hour class action litigation.

24. **Superiority:** A class action is superior to other available means for fair and efficient adjudication of class members' claims and offers significant benefits to the parties and the court. A class action will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. The monetary amounts due to many class members are likely to be relatively small, thus making it difficult, if not impossible, for individual class members to seek and obtain relief. Moreover, a class action will serve important public interests by enabling the non-waivable statutory rights of class members to be effectively asserted, and fundamental public policies to be vindicated, in one proceeding. A class action will also provide a means for vindicating the rights of current employees who are less likely to come forward to assert those rights based on fears of employer reprisal. Finally, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation and address the problems inherent in random and fragmentary enforcement.

///

///

///

///

**FIRST CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code § 17200 et seq.)**

**(Against All Defendants, on behalf of Plaintiff and the Plaintiff Class)**

25. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

26. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful, unfair, and/or fraudulent business act or practice.

27. Business and Professions Code §§ 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

28. At all relevant times, Plaintiff and Plaintiff Class were non-exempt employees in occupations covered by Industrial Welfare Commission Order 9-2001 (the "Wage Order"), thus entitling them to the full benefits and protections of the Labor Code and the Wage Order.

29. Collectively, Labor Code §§ 226.7, 512, and 1198, and Sections 7 and 11 of the Wage Order require employers to provide a first meal period of at least thirty minutes to non-exempt employees who work shifts of at least five hours after no more than five hours of work, and to pay premium wages when required meal periods are not provided. As relevant here, absent valid on-duty meal period agreements, employers must maintain records of meal period start and stop times, completely relieve their non-exempt employees of duty, relinquish control over them, and permit them to come and go as they please during the meal period to discharge the duty to provide meal periods.

30. Collectively, Labor Code §§ 226.7 and 1198, and Section 12 of the Wage Order require employers to authorize and permit net rest periods of at least ten minutes for each four-hour work period, or major fraction thereof, to make good faith efforts to provide said rest periods during the middle of each work period, and to pay premium wages when required rest periods are not provided.



Benowitz LAW CORPORATION

31. Collectively, Labor Code §§ 226(a), 510, 1174, 1194, 1197, and 1198, and Sections 3, 4, and 7 of the Wage Order require an employer to pay a non-exempt employee no less than minimum wage for each hour worked (see Armenta v. Osmose, Inc. (2005) 135 Cal.App.4th 314), no less than one and one-half times the employee's regular rate of pay for all hours worked in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours worked on a seventh consecutive workday, and at no less than twice the employee's regular rate of pay for all hours worked in excess of 12 hours in a workday and/or in excess of 8 hours on a seventh consecutive workday, and to maintain accurate records of all hours worked by the employee.

32. In addition, when calculating regular rates of pay for purposes of overtime, meal and rest period premiums, and sick pay under Labor Code §§ 226.7, 246, and 510, the employer must include all applicable remuneration, including, without limitation, non-discretionary bonus compensation and commissions.

33. Labor Code § 2802(a) requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

34. Defendants have violated the above-referenced laws as matters of policy and/or practice by, among other things:

(a) Failing to provide Plaintiff and Plaintiff Class members with reasonable opportunities to take timely meal and rest periods based on the nature and volume of their work coupled with staffing levels;

(b) Adjusting time records for Plaintiff and Plaintiff Class members to reflect timely meal periods that they did not actually take;

(c) Instructing Plaintiff and Plaintiff Class members to clock out for timely meal periods and allowing them to continue working on occasions when they were not provided with reasonable opportunities to do so;

(d) Not consistently paying premium wages to Plaintiff and Plaintiff Class members for meal and rest periods not provided as a result of the above-described conduct;

(e) Maintaining a policy or practice of deleting time worked for Plaintiff and Plaintiff Class members to reflect meal periods not actually taken and to eliminate overtime actually worked;

(f) Not paying minimum and overtime wages to Plaintiff and Plaintiff Class members as a result of their overtime and meal period policies and practices, notwithstanding any written policies to the contrary;

(g) Not paying Plaintiff and Plaintiff Class members overtime, meal and rest period premiums, and sick pay based on regular rates of pay inclusive of all applicable remuneration, including, but not limited to, non-discretionary bonuses and/or commissions;

(h) Failing to indemnify Plaintiff and Plaintiff Class members for necessary business expenditures incurred in direct consequence of the discharge of their duties, including personal-vehicle mileage, tools, supplies, materials, and/or use of a personal cellular telephone for business-related purposes;

35. As a result of the violations of the Labor Code and the Wage Order set forth above, Plaintiff has lost money or property by means of unfair competition and Defendants have, or may have, acquired money or property from Plaintiff Class members by means of unfair competition.

36. Pursuant to Business and Professions Code §§ 17203-17204, Plaintiff, on behalf of himself and the Plaintiff Class, seeks an order awarding restitution of all earned and unpaid wages that Defendants acquired, or may have acquired, by means of unfair competition in amounts subject to proof.

37. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the Plaintiff Class, seeks reasonable costs and attorneys' fees in amounts subject to proof.

///

///

///

///



Benowitz LAW CORPORATION

**SECOND CAUSE OF ACTION**

**NON-PROVISION OF MEAL AND REST PERIODS**

**(Lab. Code §§ 226.7)**

**(Against All Defendants on behalf of Plaintiff and the Plaintiff Class)**

38. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

39. Pursuant to Labor Code §§ 226.7, Plaintiff seeks to recover premium wages on behalf of himself and Plaintiff Class members in amounts subject to proof.

40. Pursuant to Code of Civil Procedure § 1021.5 and Labor Code §§ 218.5 and 218.6, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the Plaintiff Class, seek awards of reasonable attorneys' fees and costs in amounts subject to proof.

**THIRD CAUSE OF ACTION**

**UNPAID MINIMUM AND OVERTIME WAGES**

**(Lab. Code §§ 1194, 1194.2, 1197)**

**(Against All Defendants on behalf of Plaintiff and the Plaintiff Class)**

41. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

42. Pursuant to Labor Code § 1194 and 1194.2, Plaintiff, on behalf of himself and Plaintiff Class members, seeks unpaid minimum and overtime wages, liquidated damages in amounts equal to the amounts of unpaid minimum wages, interest thereon, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

**FOURTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY**

**(Lab. Code §§ 2802, 221)**

**(Against All Defendants on behalf of Plaintiff and the Plaintiff Class)**

43. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

44. Pursuant to Labor Code § 2802, Plaintiff, on behalf of himself and the Plaintiff Class, seeks to recover unreimbursed expenses, interest thereon, costs of suit, and attorneys' fees in amounts subject to proof.

**FIFTH CAUSE OF ACTION**

**WAGE STATEMENT PENALTIES**

**(Lab. Code § 226)**

**(Against All Defendants on behalf of Plaintiff and the Penalties Subclass)**

45. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

46. Labor Code § 226(a) states in pertinent part,

> *An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.*

47. At all relevant times, Defendants violated the rights of Plaintiff and Penalties Subclass members under these requirements by providing them with wage statements with at least the following defects:

(a) Statements that fail to accurately state the amounts of gross and net wages earned as a result of not paying them all earned minimum, overtime, and/or premium wages, in violation of §§ 226(a)(1) and (a)(5);

(b) Statements that fail to accurately state the total hours worked by the employee in the pay period, as a result of not paying them for all time worked or reporting said working time for payroll purposes, in violation of § 226(a)(2);

(c) Statements that fail to accurately list all applicable hourly in effect and the corresponding number of hours worked at each rate earned as a result of not paying minimum, overtime, meal and rest period premium, and sick wages based on correctly calculated regular rates of pay in violation of §§ 226(a)(3) and (a)(9).

48. Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants' failures to provide him and Penalties Subclass members with accurate wage statements have been knowing and intentional, in that Defendants have, at all relevant times, had the ability to provide them with accurate wage statements but, instead, have deliberately maintained unlawful wage and hour policies with respect to timekeeping, minimum wages, overtime, and meal and rest periods so as to result in inaccurate wage statements.

49. Plaintiff and Penalties Subclass members have suffered injuries due to Defendants' failures to provide them with accurate written wage statements in that, among other things, their legal rights to receive accurate wage statements have been violated, they have been misled about the amounts of wages they have earned, they have been prevented from immediately challenging allegedly unlawful pay practices, have needed to reconstruct time and pay records and perform mathematical computations to determine the amounts of wages they have earned, have been unable to verify if they have been properly paid based on the information provided on their written wage statements, and/or have had inaccurate information about their wages and deductions submitted to government agencies.

50. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and the Penalties Subclass, seeks to recover the greater of actual damages or $50 for the initial pay period in which a § 226(a) violation occurred, the greater of actual damages or $100 for each violation of § 226(a) in a subsequent pay period, up to the greater of actual damages or an aggregate $4,000 penalty per subclass member, as well as awards of reasonable attorneys' fees and costs, all in amounts subject to proof.

51. Pursuant to Labor Code §§ 226(e) and 226(h), Plaintiff, on behalf of himself and the Penalties Subclass, seeks injunctive relief requiring Defendants to issue new wage statements for each relevant pay period in which a violation occurred so as to require the accurate reporting of time worked and wages earned on a going-forward basis, to properly record all working time on a going-forward basis, and to pay for all time worked and meal and rest period premiums at the legally mandated rates, as well as awards of reasonable attorneys' fees and costs, all in amounts subject to proof.

**SIXTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(Lab. Code § 203)**

**(Against All Defendants on behalf of Plaintiff and the Former Employee Subclass)**

52. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

53. Labor Code § 201 makes all of the earned and unpaid wages of a discharged employee immediately due and payable at the time of discharge.

54. Labor Code § 202 makes all of the earned and unpaid wages of an employee who quits after giving less than 72 hours previous notice within 72 hours of quitting.

55. Labor Code § 202 also makes all of the earned and unpaid wages of an employee who quits after giving at least 72 hours previous notice at the time of quitting.

56. Labor Code § 203 entitles an employee to an additional day of wages as a penalty for each day that wages remain unpaid, for up to a maximum of thirty days, where the employer willfully fails to pay timely earned wages in compliance with § 201 or § 202.

57. Defendants failed to pay Plaintiff and Former Employee Subclass members all of their earned and unpaid wages within the times set forth in Labor Code §§ 201-202 as a result of failing to timely pay them all of their earned and unpaid minimum, overtime, and/or premium wages as set forth herein.

58. Defendants' failures to timely pay her and Former Employee Subclass members have been willful in that, at all relevant times, Defendants have had the ability to comply with the above-



Benowitz LAW CORPORATION

referenced laws concerning payments of minimum, overtime, meal and rest period premium, and sick wages, have been familiar with those requirements based on their own written policies and on having previously faced wage and hour class actions, but have deliberately maintained policies and practices in violation of the requirements of the Labor Code and the Wage Order.

59. Pursuant to Labor Code § 203, Plaintiff, on behalf of himself and the Former Employee Subclass, seeks up to a maximum of thirty days of waiting time penalties for each subclass member in amounts subject to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

1. An order that the action be certified as a class action;
2. An order that Plaintiff be appointed class representative;
3. An order that counsel for Plaintiff be appointed class counsel;
4. Damages;
5. Restitution;
6. Declaratory relief;
7. Injunctive relief;
8. Statutory penalties;
9. Pre-judgment interest;
10. Post-judgment interest;
11. Costs of suit;
12. Reasonable attorney's fees; and
13. Such other relief as the Court deems just and proper.

///

///

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

BENOWITZ LAW CORPORATION

Dated: July 14, 2026

BY ______________________

LOUIS BENOWITZ
GENNA WALSH
Attorneys for Plaintiff
RAYMOND DELUIS

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER: 262300<br>NAME: Louis Benowitz<br>FIRM NAME: Benowitz Law Corporation<br>STREET ADDRESS: 8605 Santa Monica Boulevard, PMB 79183<br>CITY: West Hollywood STATE: CA ZIP CODE: 90069<br>TELEPHONE NO.: (747) 233-1600 FAX NO.:<br>EMAIL ADDRESS: Louis@BenowitzLaw.com<br>ATTORNEY FOR (*name*): Plaintiff Raymond Deluis | **Electronically FILED by Superior Court of California, County of Los Angeles 7/14/2026 5:51 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Zadorian, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 111 N. Hill St<br>MAILING ADDRESS: 111 N. Hill St<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |
| CASE NAME:<br>RAYMOND DELUIS, et al., v. UPS SUPPLY CHAIN SOLUTIONS, INC., et al., | |

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 26STCV22122 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) ☐ **Limited** (Amount demanded is $35,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Asbestos**
- ☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/Unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Song-Beverly Act: Motor Vehicle Lemon Law (49)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Employment Development Department (EDD)**
- ☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Comprehensive groundwater adjudication (47)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)



→

2. Is this case complex under rule 3.400 of the California Rules of Court? [x] Yes [ ] No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

   a. [x] monetary
   b. [x] nonmonetary; declaratory or injunctive relief
   c. [x] punitive

4. Number of causes of action *(specify):* Six (6)

5. Is this case a class action suit? [x] Yes [ ] No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 14, 2026

Louis Benowitz

Type or print name

Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/ non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Raymond Deluis, et al., v. UPS SUPPLY CHAIN SOLUTIONS, INC., et al., | 26STCV22122 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Raymond Deluis, et al., v. UPS SUPPLY CHAIN SOLUTIONS, INC., et al., | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Raymond Deluis, et al., v. UPS SUPPLY CHAIN SOLUTIONS, INC., et al., | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Contract (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels ________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| Judicial Review | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Raymond Deluis, et al., v. UPS SUPPLY CHAIN SOLUTIONS, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Provisionally Complex Litigation (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE Raymond Deluis, et al., v. UPS SUPPLY CHAIN SOLUTIONS, INC., et al., | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: 3600 W Century Blvd |
|---|---|---|---|
| CITY: Inglewood | STATE: CA | ZIP CODE: 90303 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: July 14, 2026

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

LACBA

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys Association of Los Angeles

Consumer Attorneys
Association of Los Angeles

ASCDC
Association of Southern California Defense Counsel

Southern California
Defense Counsel

Association of Business Trial Lawyers
abtl
Los Angeles

Association of
Business Trial Lawyers

California Employment Lawyers Association
CELA
Fighting for Employee Rights

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ______________ (INSERT DATE) for the complaint, and ______________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR PLAINTIFF)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |

**The following parties stipulate:**

Date:
(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:
(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:
(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:
(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:
(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:
(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:
(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Print Save Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ______________________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ______________________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ______________________)

**THE COURT SO ORDERS.**

Date: ______________________

JUDICIAL OFFICER

Print Save Clear

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
N. Navarro
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By ____________, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT – MANDATORY ELECTRONIC FILING FOR CIVIL

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

KEVIN C. BRAZILE
Presiding Judge

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
07/14/2026
David W. Slayton, Executive Officer / Clerk of Court
By: A. Zadorian Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
26STCV22122

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Elaine Lu | 9 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 07/15/2026 (Date)

David W. Slayton, Executive Officer / Clerk of Court

By A. Zadorian, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

*Superior Court of California, County of Los Angeles*

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

## TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

## ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

## DISADVANTAGES OF ADR

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

## WEBSITE RESOURCES FOR ADR

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*